IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE CHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:19-cv-5837 |
| ) | |
| FDRLST MEDIA, LLC, ) | Honorable Judge John Robert Blakey |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's Minute Entry dated September 17, 2019, Plaintiff George Chin ("Plaintiff") and Defendant FDRLST MEDIA, LLC ("Defendant") hereby submit this Joint Initial Status Report on the proceedings.

**I.  Type of Initial Status Report (i.e., Joint or Individual)**

The parties are submitting this Initial Status Report jointly.

**II.  Services of Process**

Service of process has been completed on the only named Defendant in this case.

**III.  Nature of the Case**

  **a.  Attorneys of Record**

| Plaintiff: George Chin | Defendant: FDRLST Media, LLC |
|---|---|
| Richard Liebowitz (Pro Hac Vice Motion Pending) | *Lead Attorney:* Joseph V. Norvell (Admitted to Northern District of Illinois)<br>*Attorney to be Notified:* Joseph T. Kucala, Jr. (Admitted to Northern District of Illinois)<br>*Attorney to be Notified:* Michael K. Johnson (Admitted to Northern District of Illinois)<br>John McElwaine (Pro hac vice forthcoming) |

b. **Basis for Federal Jurisdiction**

This action arises under federal law, specifically the Copyright Act, 17 U.S.C. § 101 *et. seq.*

c. **Nature of the Claims and Counterclaims or Affirmative Defenses**

Plaintiff asserted a claim for copyright infringement in the Complaint. At this time, Defendant is not aware of any relevant counterclaims, but it expressly reserves all rights to file counterclaims in the event it becomes aware of facts that give rise to a counterclaim. Defendant has evaluated the applicable affirmative defenses, and it will raise the affirmative defense of fair use.

d. **Major Legal and Factual Issues Anticipated in the Case**

Based on what is available to the parties at this time, Defendant believes that the major legal issues in this case are fair use and non-infringement. As preliminary discovery is exchanged pursuant to the Mandatory Initial Discovery Pilot ("MIDP") Project, the parties will likely uncover additional legal and factual issues.

e. **Calculation of Damages**

Plaintiff is seeking punitive damages for willful copyright infringement. Defendant denies any exposure to damages.

IV. **Pending Motions and Case Plan**

a. **Pending Motions**

Attorney Richard Liebowitz's Motion to Appear Pro Hac Vice is pending before the Court. Defendant has asked for a briefing schedule to oppose this motion pursuant to the letter to the Court dated September 26, 2019.

    **b. Mandatory Initial Discovery Pilot Project Certification**

The parties have reviewed the Court's Standing Order on the MIDP, and have certified that they will comply with the requirements therein.

    **c. Proposed Discovery and Case Management Plan**

        *1. Types of Discovery*

The focus of discovery will encompass all information and documents, including electronically-stored information, related to Plaintiff's ownership of the photograph at issue, including Plaintiff's right to photograph Madonna and to exploit Madonna's likeness, the number of visitors to Defendant's website with the Plaintiff's photograph, the profits from Defendant's website, willfulness of the use of the photograph without permission, and where Defendant obtained the photograph from.

        *2. Date for Rule 26(a)(1) Disclosures*

The parties propose November 20, 2019 as the deadline for completing Rule 26(a)(1) disclosures.

        *3. Date to Issue Written Discovery*

The parties propose February 10, 2020 as the deadline to issue written discovery.

        *4. Confidentiality Orders*

The parties agree to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom shall be subject to a Protective Order. This Protective Order will define the scope and

nature of confidential and commercially sensitive information. Specifically, a party may designate documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" prior to or at the time the documents are produced or disclosed. All deposition testimony taken in this case shall be treated as CONFIDENTIAL until otherwise designated or de-designated. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all documents marked confidential shall be returned to the producing party.

5. *Need for HIPPA Waivers*

At this time, the parties do not believe that these proceedings will require HIPPA waivers.

6. *Fact Discovery Completion Date*

The parties propose March 11, 2020 as the deadline to complete fact discovery.

7. *Expert Discovery*

Defendant reserves the right to conduct expert discovery. Specifically, Defendant will likely require expert discovery on damages. The parties propose June 8, 2020 as the deadline to complete expert discovery, if necessary.

8. *Dispositive Motions*

The parties propose July 9, 2020 as the deadline for filing dispositive motions.

9. *Tentative Trial Date*

The parties propose October 5, 2020 as the date to begin the trial.

**d. Jury Demand and Length of Trial**

Plaintiff demanded a Jury Trial, and a 5-day trial is requested.

### V. Consent to Proceed Before a Magistrate Judge

The parties are aware that the proceedings may proceed before a magistrate judge; however, the parties do not consent to this procedure.

### VI. Status of Settlement Discussions

The parties have exchanged preliminary settlement positions. Defendant remains in the process of thoroughly investigating the validity of Plaintiff's claims, as well as Defendant's potential affirmative defenses.

### VII. MIDP Checklist

The parties have reviewed and intends to comply with the MIDP checklist and the applicable Standing Order. Accordingly, the parties will come prepared to discuss each item on the MIDP checklist at the initial status hearing.

Respectfully submitted,

Dated: September 30, 2019

| George Chin | FDRLST Media, LLC |
|---|---|

/s/Richard Liebowitz
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com
(pro hac vice motion pending)

/s/Michael K. Johnson
Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Michael K. Johnson (Reg. No. 6329878)
NORVELL IP LLC
333 South Wabash, Suite 2700
Chicago, Illinois 60604
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
courts@norvellip.com

John McElwaine
(Pro hac vice forthcoming)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Liberty Center
151 Meeting Street
Suite 600
Charleston, SC 29401

Attorneys for Defendant