IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE CHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:19-cv-5837 |
| | ) |
| FDRLST MEDIA, LLC, | ) Honorable Judge John Robert Blakey |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT FDRLST MEDIA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant FDRLST Media, LLC (the "Federalist") hereby answers Plaintiff George Chin's (the "Plaintiff") Complaint as follows:

**NATURE OF THE ACTION**

Complaint Paragraph 1: This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of singer and songwriter Madonna, owned and registered by Chin, a professional photographer. Accordingly, Chin seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

1. ANSWER: The allegations of Paragraph 1 of the Complaint describing the nature of the Complaint do not require a response. The Federalist denies have using an unauthorized reproduction of any photograph that would give rise to a claim of monetary relief under the Copyright Act, 17 U.S.C. § 101, *et seq*. To the extent a response is required, any remaining allegations contained in Paragraph 1 are denied.

## JURISDICTION AND VENUE

Complaint Paragraph 2: This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ANSWER: The allegations of Paragraph 2 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in Paragraph 2 are denied.

Complaint Paragraph 3: This Court has personal jurisdiction over Defendant because Defendant transacts business in Illinois.

3. ANSWER: The allegations of Paragraph 3 are admitted.

Complaint Paragraph 4: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

4. ANSWER: The allegations of Paragraph 4 are denied.

## PARTIES

Complaint Paragraph 5: Chin is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 11 Vicarage Close, Northaw, Potters Bar EN6 4NY United Kingdom[.]

5. ANSWER: The Federalist lacks knowledge or information sufficient to form a belief about the truth of an allegations of Paragraph 5 of the Complaint and, thus, deny the same.

Complaint Paragraph 6: Upon information and belief, FDRLST is a domestic limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 6160 N. Cicero Avenue, Suite 410, Chicago, IL 60646. At all times material, hereto, FDRLST has owned and operated a website at the URL: www.TheFederalist.com (the "Website").

6. ANSWER: In answering Paragraph 6 of the Complaint, the Federalist admits only that it is a limited liability company organized under the laws of the state of Delaware and that it operates a website located at www.thefederalist.com.  The Federalist denies the remaining allegations of Paragraph 6.

## STATEMENT OF FACTS

Complaint Paragraph 7: Chin photographed singer and songwriter Madonna (the "Photograph"). A true and correct copy of the Photograph are attached hereto as Exhibit A.

    7.    ANSWER: The Federalist lacks knowledge or information sufficient to form a belief about the truth of an allegations of Paragraph 7 of the Complaint and, thus, deny the same.

Complaint Paragraph 8: Chin is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

    8.    ANSWER: The Federalist lacks knowledge or information sufficient to form a belief about the truth of an allegations of Paragraph 8 of the Complaint and, thus, deny the same.

Complaint Paragraph 10 [sic]: The Photograph was registered with the United States Copyright Office and was given registration number VA 2-107-384.

    9.    ANSWER: The Federalist lacks knowledge or information sufficient to form a belief about the truth of an allegations of Paragraph 10[1] of the Complaint and, thus, deny the same.

Complaint Paragraph 11: FDRLST ran an article on the Website entitled *Fear, Loathing, And The Great American Yoga Pants Panic*. See: https://thefederalist.com/2015/02/16/fear-loathing-and-the-great-american-yoga-pants-panic/. The article featured the Photograph. A true and correct copy of the article and a screenshot of the Photograph on the Website are attached hereto as Exhibit B.

    10.    ANSWER: In answering Paragraph 11 of the Complaint, the Federalist admits only so much as may allege that a digital picture of the singer, Madonna, was used in a transformative manner for commentary, humor and criticism in an online

---

[1] There is no Paragraph 9 in the Complaint.

article that can be accessed at https://thefederalist.com/2015/02/16/fear-loathing-and-the-great-american-yoga-pants-panic/. The Federalist specifically denies that picture was featured in the article. The Federalist denies any remaining allegations of Paragraph 11.

Complaint Paragraph 12: FDRLST did not license the Photograph from Plaintiff for its article, nor did FDRLST have Plaintiff's permission or consent to publish the Photograph on its Website.

  11. ANSWER: In answering Paragraph 12 of the Complaint, the Federalist admits only so much that may allege that the Federalist does not have an agreement with Plaintiff. The Federalist denies that any agreement, license, permission, consent or authorization was required to be obtained from Plaintiff.

Complaint Paragraph 13: Plaintiff first discovered the use of the Photograph on the Website in August 2019.

  12. ANSWER: The Federalist lacks knowledge or information sufficient to form a belief about the truth of an allegations of Paragraph 13 of the Complaint and, thus, deny the same.

## CLAIM FOR RELIEF

Complaint Paragraph 14: Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

  13. ANSWER: In answering Paragraph 14 of the Complaint, the Federalist incorporates its responses to Paragraphs 1 through 13.

Complaint Paragraph 15: FDRLST infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. FDRLST is not, and has never been, licensed or otherwise authorized to reproduce, public[]l[]y display, distribute and/or use the Photograph.

  14. ANSWER: The allegations of Paragraph 15 of the Complaint are denied.

Complaint Paragraph 16:  The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

    15.   ANSWER: The allegations of Paragraph 16 of the Complaint are denied.

Complaint Paragraph 17:  Upon information and belief, the foregoing acts of infringement by FDRLST have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

    16.   ANSWER: The allegations of Paragraph 17 of the Complaint are denied.

Complaint Paragraph 18:  As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

    17.   ANSWER: The allegations of Paragraph 18 of the Complaint are denied.

Complaint Prayer For Relief: WHEREFORE, Plaintiff respectfully requests judgment as follows: (1) That Defendant FDRLST be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501; (2) Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; (3) That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct; (4) That Plaintiff be awarded punitive damages for copyright infringement; (5) That Plaintiff be awarded attorney's fees and costs; (6) That Plaintiff be awarded pre-judgment interest; and (7) Such other and further relief as the Court may deem just and proper.

    18.   ANSWER: The Paragraph beginning with "WHEREFORE…", including all subparts, is denied and the Federalist specifically denies that Plaintiff is entitled to any recovery from the Federalist whatsoever.

## GENERAL DENIAL

    19.   The Federalist denies all allegations contained in Plaintiff's Complaint not expressly admitted, qualified, or explained and generally denies any liability to Plaintiff.

## AFFIRMATIVE DEFENSES

The Federalist set forth below their affirmative defenses.  By setting forth these affirmative defenses, the Federalist does not assume the burden of proving any fact,

issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

20. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Laches and Waiver)

21. Plaintiff's claims against the Federalist are barred, in whole or in part, by the doctrines of laches and waiver.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

22. Upon information and belief, Plaintiff does not have rights to exploit the image of Madonna in the photograph at issue.

23. Plaintiff's claims against the Federalist are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

24. Plaintiff's claims are barred by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE
### (Implied License)

25. Plaintiff's claims are barred due to an implied license to use the allegedly infringing work.

### SIXTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

26. Plaintiff has brought this lawsuit against the Federalist for an improper purpose and engaged in one or more acts that constitute misuse of its copyrights.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

27. Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies claimed to in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

28. Without admitting any wrongful conduct on the part of the Federalist, and without admitting that Plaintiff has suffered any loss, damage or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, because Plaintiff failed to mitigate such loss, damage, or injury.

### NINTH AFFIRMATIVE DEFENSE
### (Merger)

29. Plaintiff's claims are barred since a critical part or portions of their alleged protected copyrights are invalid due to consisting of un-protectable *idea(*s) or processes.

30. Plaintiff's claims, including their assertion of copyright protection, are barred by the doctrine of Merger.

### TENTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Negligence/Gross Negligence/Criminal Act)

31. Any damages allegedly suffered by Plaintiff were due to and proximately caused and occasioned by the intervening and superseding negligence, gross negligence, recklessness, willfulness, wantonness, and/or criminal act of a party other

than the Federalist. Such intervening and superseding negligence, gross negligence, recklessness, willfulness, wantonness, and criminal act was the sole cause of Plaintiff's alleged damages and, therefore, Plaintiff may not recover against the Federalist.

## ELEVENTH AFFIRMATIVE DEFENSE
(Reservation)

32. The Federalist reserve the right to allege additional affirmative defenses, or to withdraw affirmative defenses listed above, as additional facts and circumstances are learned through the investigation of this case or through discovery.

Respectfully submitted,

FDRLST Media, LLC

Dated: October 21, 2019

/Michael K. Johnson/
Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Michael K. Johnson (Reg. No. 6329878)
NORVELL IP LLC
333 South Wabash, Suite 2700
Chicago, Illinois 60604
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
courts@norvellip.com

John McElwaine
(Pro hac vice forthcoming)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Liberty Center
151 Meeting Street
Suite 600
Charleston, SC 29401

Attorneys for Defendant